NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL HOWARD,

Plaintiff-Appellee,

v.

KEN FYE,

Defendant-Appellant.

No. 24-146

D.C. No.
3:22-cv-00064-MMD-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 16, 2025[**]
San Francisco, California

Before: H.A. THOMAS and MENDOZA, Circuit Judges, and BOLTON, District
Judge.[***]

Detective Ken Fye appeals the district court's order denying his motion for

summary judgment based on qualified immunity. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

U.S.C. § 1291, review de novo the district court's denial of summary judgment, *Williams v. City of Sparks*, 112 F.4th 635, 642 (9th Cir. 2024), and affirm.

1.      Appellee Michael Howard first asserts that we lack jurisdiction because Fye's brief presents his version of the disputed facts and challenges the sufficiency of the evidence. On an interlocutory appeal, we cannot consider "whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (citation omitted). However, an appellant's "defense-friendly presentation of the facts does not deprive us of jurisdiction." *Est. of Aguirre v. County of Riverside*, 29 F.4th 624, 627 (9th Cir. 2022).

In addition, notwithstanding the rule barring evidence-sufficiency challenges on interlocutory appeal, this court may consider arguments that plaintiff's claims "are premised on 'bare *allegation[s]*'" and that plaintiff's version of the facts is "blatantly contradicted by the record." *Est. of Anderson*, 985 F.3d at 731 n.3 (alteration in original) (first quoting *Foster v. City of Indio*, 908 F.3d 1204, 1217 (9th Cir. 2018); and then quoting *Orn v. City of Tacoma*, 949 F.3d 1167, 1171 (9th Cir. 2020)). Because Fye raises both narrow exceptions in his opening brief, we have jurisdiction to review them.[1]

---

[1] Howard is correct, however, that we cannot assess whether the district court erred in disregarding Fye's requests for admission as part of the record. *See McSherry v.*

2.      A pro se plaintiff's verified complaint must be considered as evidence at summary judgment. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). The district court correctly considered Howard's verified amended complaint as evidence, along with his booking photo, medical inquiries, and X-ray image. *See id.* This evidence goes beyond "bare allegation[s]" and is not "blatantly contradicted" by the record, which primarily includes competing sworn statements and other documentary evidence of events after the arrest. *Foster*, 908 F.3d at 1217 (emphasis omitted); *Orn*, 949 F.3d at 1171.

3.      We affirm the district court's denial of qualified immunity to Detective Fye. To determine whether a defendant is entitled to qualified immunity, we ask (1) "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citation omitted).

When evaluating excessive force claims, we consider the totality of the circumstances and balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against the government's interests. *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation omitted). The *Graham*

---

*City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) ("[A] district court's preliminary evidentiary rulings are not final decisions reviewable under 28 U.S.C. § 1291.").

factors include: (1) the severity of the crime; (2) whether the suspect posed an immediate threat; and (3) whether the suspect was actively resisting arrest. *Id.* We may also consider "the availability of alternative methods of capturing or subduing a suspect." *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc).

Howard's verified amended complaint alleges that he surrendered peacefully with his hands raised while seat-belted in the passenger seat of a van. Howard claims Fye then grabbed his wrist, ripped him from the vehicle, and slammed him to the ground, causing injuries. Accepting Howard's version of the facts as correct, Fye used, at minimum, intermediate force, "*capable* of inflicting significant pain and causing serious injury." *Seidner v. de Vries*, 39 F.4th 591, 599 (9th Cir. 2022); *see, e.g.*, *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (quantifying a use of force as "intermediate" where officers extracted a suspect "through [a] broken glass window" and "kicked [the suspect] in the upper torso during the extraction").

Applying the *Graham* factors, a reasonable jury could find that Howard posed no immediate threat because he raised his hands in compliance with the detectives' commands and surrendered peacefully before Fye used intermediate force. Although Howard was suspected of attempted grand larceny of a motor vehicle and vehicle burglary, the circumstances under which the detectives approached Howard—while he was sitting in the passenger seat of a van at a gas station—do not raise any inference that he was "particularly dangerous." *Hyer v.*

4                                                                 24-146

*City & County of Honolulu*, 118 F.4th 1044, 1061 (9th Cir. 2024) (quoting *Smith*, 394 F.3d at 702). Moreover, the suspected felonies in this case are not inherently violent crimes. *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 15–16 (2005) (explaining that a burglary of a vehicle—as opposed to a building—is not a "violent felony" under the Armed Career Criminal Act). And "felonies not involving violence provide limited support for the use of significant force under *Graham*." *Bryan v. MacPherson*, 630 F.3d 805, 829 n.12 (9th Cir. 2010). Furthermore, Howard attests he did not resist arrest and made no attempt to flee. Fye also had potential alternative means of apprehending Howard, such as verbal commands, handcuffs, or minimal force. *See Smith*, 394 F.3d at 703. A reasonable jury could find that Detective Fye's use of force was excessive.

"A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (citation omitted). "[P]olice officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (citation omitted). Although there need not be a "a case directly on point, existing precedent must place the lawfulness of the particular [action] beyond debate," for which "a body of relevant case law is usually necessary." *City of Escondido v. Emmons*, 586 U.S. 38, 44 (2019) (alteration in original) (citation

5                                                                          24-146

omitted).

At the time of Howard's arrest, it was clearly established that police officers cannot use intermediate force on an unarmed, non-resisting suspect accused of a non-violent felony. *See Coles*, 704 F.3d at 628–31. In *Coles*, officers pulled over "a suspected car thief" who "did not appear armed." *Id.* at 629–30. The suspect "did not actively resist or evade arrest and, in any event, had no real chance of escape." *Id.* at 630. The officers "gave the suspect conflicting orders to exit the vehicle and to keep his hands visible" and the suspect "attempted [to] compl[y] with the order to exit, but eventually . . . placed both hands on the wheel and looked straight ahead." *Id.* at 629. This court held that a reasonable jury could find the officers employed excessive force "when they broke the car window and dragged [the suspect] through it." *Id.* at 630.

*Coles* "'squarely governs' the specific facts at issue" in this case. *Kisela*, 584 U.S. at 104 (citation omitted). Like in *Coles*, Fye used intermediate force on a suspected car thief who says he was unarmed, did not resist or evade arrest, and attempted to comply—and indeed, did comply—with the officers' orders. This right was similarly established in *Thompson v. Rahr*, where we held that pointing a gun at the head of an unarmed felony suspect who was under control and not actively resisting constituted excessive force. 885 F.3d 582, 586–87 (9th Cir. 2018).

In addition, long before Howard's arrest, this circuit clearly established the "right to be free from the application of non-trivial force for engaging in mere passive resistance," much less no resistance. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1093 (9th Cir. 2013). In *Gravelet-Blondin*, we held that an officer violated clearly established law when he tased a bystander to an arrest who passively resisted the officer's orders to retreat. *Id.* at 1092–96. Because the bystander "engaged in no behavior that could have been perceived by [the officer] as threatening or resisting . . . the use of non-trivial force of *any kind* was unreasonable." *Id.* at 1094 (emphasis added); *see also Palmer v. Sanderson*, 9 F.3d 1433, 1434–36 (9th Cir. 1993) (holding that a sheriff used excessive force when, after stopping a motorist suspected of "driving while intoxicated" who "walked back to his car" after taking sobriety tests, the officer "jerked [the motorist] out of his car, pushed him against it, frisked him, handcuffed him . . . tight enough to cause pain and discoloration to his wrists," and then "pushed him into the back seat of the patrol car with such force that [he] fell over sideways"); *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1113–14, 1116 (9th Cir. 2017) (finding that an officer's use of "a leg sweep maneuver to take down" a "willfully resist[ing]" college student was excessive force, despite the student posing "some threat" as he was "suspected of committing a [misdemeanor] battery" with water balloons).

*Coles*, along with *Thompson*, sufficiently established the law before

Howard's arrest in 2021. And cases like *Gravelet-Blondin*, *Palmer*, and *Shafer* form a "body of relevant case law" that together place the unlawfulness of Fye's significant force against a non-resisting suspect "beyond debate." *Emmons*, 586 U.S. at 44.

**AFFIRMED.**[2]

---

[2] Fye's motion to supplement the record (Dkt. No. 38) is denied.